# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CINDY CALLEN,

    PLAINTIFF,

v.                                CASE NO.:

HOLLEY NAVARRE WATER SYSTEM,
INC. d/b/a THE CLUB AT HIDDEN
CREEK, LLC,

    DEFENDANT.

_____/

## COMPLAINT

Plaintiff, CINDY CALLEN, (hereinafter referred to as the "Plaintiff" or "Callen"), by and through her undersigned attorney, sues Defendant, Holley Navarre Water System, Inc. d/b/a The Club at Hidden Creek, LLC (hereinafter referred to as the "Defendant" or "The Club at Hidden Creek, LLC"), and alleges as follows:

### *JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of age and gender discrimination and for retaliation for engaging in a protective activity in the terms, conditions, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., Age Discrimination in Employment Act of 1967 (ADEA),

1

and Florida Statutes, the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, and 42 U.S.C. § 2000e *et seq.*

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

6. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations against (FCHR No.: 202129453) and the United States Equal Employment

Opportunity Commission (EEOC No.: 15D202100554) on May 11, 2021. More than 180 days lapsed since Plaintiff's charge was filed and the FCHR was unable to conciliate or make a determination pursuant to Fla. Stat. § 760.11(3). Pursuant to Fla. Stat. § 760.11(4) and (8), Plaintiff now bring this suit. Plaintiff further requested her 90 day Notice of Right to Sue letter from the EEOC which was received on May 5, 2022.

## *PARTIES*

7. Plaintiff is a 54 year-old Caucasian female and a citizen of the State of Florida and resident of Navarre, Florida.

8. Defendant, Holley Navarre Water System, Inc. d/b/a The Club at Hidden Creek, LLC, is a for-profit Florida Limited Liability Company and does business in the State of Florida, Santa Rosa County.

## *FACTS*

9. Plaintiff is a 54-year-old Caucasian female.

10. Plaintiff was employed by The Club at Hidden Creek in Navarre, Florida from March 7, 2007, until her termination on March 2, 2021.

11. Holley-Navarre Water System, Inc. is a privately-owned utility system providing water services to residents in the Holley-Navarre area.

12. Defendant owns and operates The Club at Hidden Creek, which is an 18-hole Championship Public Golf Course.

13. During Plaintiff's employment with Defendant, she worked as The Club at Hidden Creek's General Manager.

14. Plaintiff had not been the subject of any disciplinary action and performed the duties and responsibilities of her position as the general manager in a more than satisfactory manner.

15. On December 9, 2020, Defendant hired Mr. Dallas Peavey.

16. At the time of his hiring, Defendant knew or reasonably should have known that Mr. Peavey had an extensive criminal history, yet he was hired as the CEO of the Holley-Navarre Water System, Inc, and The Club at Hidden Creek.

17. Prior to Mr. Peavey's hiring, Plaintiff received only positive reviews from administration and the HNWS's Board of Directors throughout her tenure of fourteen (14) years.

18. Prior to Mr. Peavey's hiring, The Club at Hidden Creek was profitable during Plaintiff's time was the General Manager.

19. Upon Mr. Peavey's hire, there was a shift in the work environment in regard to favoring male employees over female employees.

20. Mr. Peavey would continually refer to Plaintiff as young lady and make derogatory comments about Plaintiff's age.

21. Mr. Peavey would also make inappropriate jokes with the male employees, and treated Plaintiff and other female employees in a condescending

and uncomfortable demeaning manner.

22. Plaintiff raised her concerns about Mr. Peavey's treatment of her to Barbara Tarawan and Torin Brand, but to no avail.

23. Plaintiff even told Mr. Peavey that his comments were inappropriate and unwelcome and that his treatment of her was also not acceptable.

24. Plaintiff also raised an objection with Mr. Peavey's about the golf club's continued use of golf course mowing equipment that was purchased through HNWB, using its non-profit and tax exempt status.

25. Mr. Peavey ignored her concerns and objections.

26. On March 2, 2021, approximately three (3) months after Mr. Peavey began as Defendant's CEO, Plaintiff was terminated from her position as General Manager at The Club at Hidden Creek.

27. After Plaintiff's termination, Mr. Peavey promoted an individual that worked at the club's check in desk to be the golf course's next general manager. This individual was making $10.00 per hour and was not qualified to be the General Manager.

28. Mr. Peavey knew this individual was not qualified, but made the hire so he and HNWB board members (all males), could actually run the club.

29. The reasons given for Plaintiff's termination, were pretext for Mr. Peavey's gender and age discrimination and was in retaliation for Plaintiff

reporting the discrimination and whistleblowing.

### FIRST CAUSE OF ACTION
*(Title VII - Gender Discrimination)*

30.  Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 29 of this complaint with the same force and effect as if set forth herein.

31.  Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

32.  Plaintiff is a Caucasian female.

33.  During Plaintiff's employment with Defendant, she was subject to unwelcome harassment and discriminatory treatment by Mr. Peavey because of her gender.

34.  No male employees were the subject of harassment or discriminatory treatment by Mr. Peavey.

35.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### SECOND CAUSE OF ACTION
*(Title VII – Gender Retaliation)*

36.  Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 6 through 29 of this complaint with the same force and effect as if set forth herein.

37. Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

38. Plaintiff is a Caucasian female.

39. During Plaintiff's employment with Defendant, she was subject to unwelcome harassment and discriminatory treatment by Mr. Peavey because of her gender.

40. No male employees were the subject of harassment or discriminatory treatment by Mr. Peavey.

41. Plaintiff reported the workplace harassment and discrimination by Mr. Peavey on more than one occasion. Defendant's failure to act further resulted in tension and hostility between Plaintiff, Mr. Peavey and other male staff members.

42. Defendant's failure to act or put an end to the unwelcome harassment and discriminatory treatment by Mr. Peavey because of her gender, resulted in her having anxiety and stress and further lead to her termination.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*Age Discrimination in Employment Act ("ADEA")*

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 29 and of this complaint with the same force and effect as if set forth herein.

45. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

46. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

47. At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than 20 employees.

48. Plaintiff is a 54 year old Caucasian female.

49. Throughout Plaintiff's employment with Defendant, she was a qualified individual who performed the duties and responsibilities of her position in a satisfactory manner.

50. Defendant violated the Age Discrimination in Employment Act (ADEA), by terminating Plaintiff's employment because of her age.

51. As a result of the wrongful and unlawful discriminatory actions that lead to her discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate

against Plaintiff because of her age.

## FOURTH CAUSE OF ACTION
*Retaliation - Age Discrimination in Employment Act ("ADEA")*

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 29 of this complaint with the same force and effect as if set forth herein.

53. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

54. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

55. At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than twenty (20) employees.

56. Plaintiff is a 54 year old Caucasian female.

57. Throughout Plaintiff's employment with Defendant, she was a qualified individual who performed the duties and responsibilities of her position in a satisfactory manner.

58. Plaintiff reported the age discrimination to Defendant, and nothing was done.

59. Within a couple of months of having engaged in this protective activity,

Plaintiff's employment with Defendant was terminated.

60. Defendant violated the Age Discrimination in Employment Act (ADEA), by terminating Plaintiff's employment because of her age.

61. As a result of the wrongful and unlawful discriminatory actions that lead to her discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate against Plaintiff because of her age.

### FIFTH CAUSE OF ACTION
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105)

62. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 29 of this complaint with the same force and effect as if set forth herein.

63. This is an action for a violation of the Florida Private Sector Whistle-blower Act, Fla. Stat. Sections 448.101—448.105.

64. At all material times herein, Plaintiff was an employee of the Defendant within the meaning of Florida Statute Section 448.101(3).

65. At all material times herein, Defendant was an employer, within the meaning of Florida Statute Section 448.101(3).

66. During her employment, Plaintiff reported and objected to Mr. Peavey's continued use of equipment purchased through HNWB, using its non-profit and tax

exempt status, by the golf club.

67. After Plaintiff's reporting's and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, Defendant's management harassed and retaliated against Plaintiff resulting in her terminated on March 2, 2021.

68. There was no substantive or reasonable business justification for the termination of Plaintiff's employment; she had not been previously warned of a deficient job performance.

69. Plaintiff objected, according to a reasonable and bona fide good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely the ADEA, the Florida Civil Rights Act, Title VII and the IRS code.

70. Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated with a couple weeks of her initial reporting of the physical assaults and sexual harassment and after her continued objections to the Defendant regarding his hiring and the multiple acts of sexual and other harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace free of harassment and discrimination.

71. There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

72. The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated Florida Statute Section 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

73. As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

74. As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

75. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee

for her professional services.

76. Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the Title VII, ADEA and the Florida Private Sector Whistleblower Act;

b) Enjoining and permanently restraining those violations of the Title VII, ADEA and the Florida Private Sector Whistleblower Act;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding liquidated damages pursuant to the ADEA;

h) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

i) Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: August 3, 2022.                By: */s/ Clayton M. Connors*
                                                     CLAYTON M. CONNORS
                                                    Florida Bar No.: 0095553
                                                    Email: cmc@westconlaw.com
                                                    **THE LAW OFFICES OF**
                                                    **CLAYTON M. CONNORS, PLLC.**
                                                    4400 Bayou Blvd., Suite 32A
                                                    Pensacola, Florida 32503
                                                    Tel:  (850) 473-0401
                                                    Fax: (850) 473-1388
                                                    Attorney for the Plaintiff